**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**JAMES C GREGORY**                                                           **PLAINTIFF**

**v.**                                    **3:12-cv-00013-BRW**

**CODY GENTRY,** *et al.*                                                      **DEFENDANTS**

<u>**ORDER**</u>

Pending is Plaintiff's pro se Motion for Summary Judgment (Doc. No. 60).  Defendants have responded,[1] and Plaintiff has replied.  For the reasons set out below, Plaintiff's Motion is DENIED without prejudice.

**I.      BACKGROUND**

In late 2010, Plaintiff was a candidate for public office in the city of Blytheville, Arkansas.[2]  Around 3:00 a.m. on November 2, 2010, Plaintiff was placing his campaign signs in the area of Willow Street in Blytheville.  Defendant Cody Gentry ("Gentry") apparently saw Plaintiff walking down the street with campaign signs in hand.  Plaintiff alleges that Gentry stopped him and demanded identification, in response to which Plaintiff explained that he was the candidate whose name was on the campaign sign.  Gentry then asked for a photo ID, and Plaintiff refused to produce one.  Gentry arrested Plaintiff, took him to the police station, and charged him with loitering and obstructing governmental operations.  Plaintiff alleges that he was in custody from about 3:30 a.m. until 9:30 a.m., when he was escorted to the courtroom in handcuffs.  After Plaintiff's initial appearance, he was released from custody.

_____

[1]Doc. No. 72.

[2]Doc. No. 1.

Plaintiff sued Gentry for violation of his right to free speech; violation of his right to be free from unreasonable seizures; false arrest; and false imprisonment.   Plaintiff sued Ross Thompson, the chief of police for the city of Blytheville ("Thompson"), for false imprisonment and failure to supervise and train.   Plaintiff also asserts that the city of Blytheville is liable because of its policy or custom of allowing constitutional violations.   Plaintiff asked that summary judgment be entered on his claims.[3]  Defendants maintain that genuine issues of material fact remain in dispute, making summary judgment inappropriate.[4]  I agree.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[5]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[6]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[7]  Nevertheless, summary judgment promotes judicial economy by

---

[3]Doc. No. 60.

[4]Doc. Nos. 72, 73.

[5]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[7]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

preventing trial when no genuine issue of fact remains.[8]  I must view the facts in the light most favorable to the party opposing the motion.[9]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[10]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[11]

## III.   DISCUSSION

Defendants note that Plaintiff did not file a statement of undisputed facts in support of his motion for summary judgment.[12]  Defendants responded to Plaintiff's Addendum of Supporting Evidence,[13] which contains legal argument and discussion, but not a statement of facts not in dispute.  Defendants point out material facts in dispute -- Plaintiff's assertion that Gentry arrested him only because he was walking down the street and that Gentry already knew

---

[8]*Id.* at 728.

[9]*Id.* at 727-28.

[10]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[11]*Anderson*, 477 U.S. at 248.

[12]Doc. Nos. 72, 73.

[13]Doc. No. 62.

Plaintiff's identity when he asked Plaintiff for identification, for example.  Because there are facts in dispute, summary judgment on Plaintiff's claims is inappropriate.  Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 60) is DENIED without prejudice.

IT IS SO ORDERED this 31st day of July, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE