**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**JAMES C. GREGORY**                                                          **PLAINTIFF**

**v.**                                           **3:12-CV-00013-BRW**

**CODY GENTRY, Individually and as a**                          **DEFENDANTS**
**Police Officer for the City of Blytheville,**
**Arkansas,** *et al.*

<u>**ORDER**</u>

Pending are Defendants' and Plaintiff's competing motions for summary judgment (Doc.

Nos. 72, 78).  Defendants have responded.[1]  For the reasons set out below, Defendants' Motion

is GRANTED; Plaintiff's Motion is DENIED.

**I.      SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[2]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[3]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

extreme remedy that should be granted only when the movant has established a right to the

judgment beyond controversy.[4]  Nevertheless, summary judgment promotes judicial economy by

---

[1]Doc. No. 84.

[2]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[3]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[4]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

preventing trial when no genuine issue of fact remains.[5]  I must view the facts in the light most

favorable to the party opposing the motion.[6]  The Eighth Circuit has also set out the burden of

the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
> record does not contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged, and, if the record
> in fact bears out the claim that no genuine dispute exists on any material fact, it is
> then the respondent's burden to set forth affirmative evidence, specific facts,
> showing that there is a genuine dispute on that issue.  If the respondent fails to carry
> that burden, summary judgment should be granted.[7]

Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[8]

## II.   BACKGROUND

In late 2010, Plaintiff was a candidate for public office in Blytheville, Arkansas.[9]  Around

3:00 a.m. on November 2, 2010, Plaintiff was placing his campaign signs near Willow Street in

Blytheville.  Defendant Cody Gentry, a Blytheville police officer, saw Plaintiff walking down

the street with campaign signs in hand.  Gentry stopped Plaintiff and asked him for

identification.   Plaintiff responded that he was the candidate whose name was on the campaign

sign.  Gentry then asked for a photo ID; Plaintiff refused to provide one.  Gentry arrested

Plaintiff and took him to the police station.  Plaintiff was charged with loitering and obstructing

---

[5]*Id.* at 728.

[6]*Id.* at 727-28.

[7]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[8]*Anderson*, 477 U.S. at 248.

[9]Doc. No. 1.

governmental operations.  Plaintiff was in custody about six hours; he was released after his initial appearance.

Plaintiff sued Gentry for violation of his right to free speech; violation of his right to be free from unreasonable seizures; false arrest; and false imprisonment.  Plaintiff sued Ross Thompson, the chief of police for the city of Blytheville, for false imprisonment and failure to supervise and train.  Plaintiff also asserts that the city of Blytheville is liable because of its policy or custom of allowing constitutional violations.

## III.   DISCUSSION

Defendants maintain that summary judgment is proper on all claims in Plaintiff's Complaint.  Each cause of action is addressed below.

### A.   Violation of the Right to Be Free From Unreasonable Seizures

Plaintiff contends that Gentry had no probable cause to arrest him and take him into custody.

#### 1.   The Initial Stop

"Police are allowed to stop and briefly detain a person for investigative purposes if they have a 'reasonable, articulable suspicion of criminal activity.'"[10]  "Whether reasonable suspicion exists depends on the 'totality of the circumstances, in light of the officer's experience.'"[11]

Defendants included an affidavit by Gentry, as well as the Blytheville Police Department Incident Report, in support of their Motion for Summary Judgment.[12]  The Incident Report shows Gentry as the reporting officer; Officer Kyle Lively approved the report.  The Incident

---

[10]*United States v. Tucker*, No. 11-2444 / 11-2489, 2012 U.S. App. Lexis 17865, at *4 (8th Cir. Aug. 23, 2012).

[11]*United States v. Stigler*, 574 F.3d 1008, 1010 (8th Cir. 2009).

[12]Doc. No. 72.

Report was filed on November 4, 2010 -- two days after Gentry stopped Plaintiff -- and reads as

follows:

> On 11/02/10, I, Officer Gentry, was patrolling in the area of Willow east of north Division.  I observed a black male, wearing sweats and a cap, walking west on Willow, carrying a political sign.  Due to the recent defacing, destruction, and theft of political signs around the city, I felt it necessary to stop and ID the subject and ascertain where the sign came from and why he was carrying it around at 3:00 a.m.  I stepped out with the subject at the corner of North Division and Willow.  I asked the subject if he wouldn't mind coming over to my car.  He became very aggressive, yelling and making statements such as "you know who I am" and "call someone and ask them who I am and they will tell you what to do."  I asked him where he got the political sign he was holding.  He stated that it was his sign.  I then asked for identification to verify he was the owner of the sign.  He told me that the sign was his ID, and that he had every right to walk down the street.  I advised him that I wanted to see a photo ID, due to me not being familiar with him.  He continued to refuse and stated that his name was on the sign.  I then told him that he would be placed under arrest for not providing his ID and refusing to give me any information.  He stated "fine let's go."  He turned and placed his hands behind his back.  After being detained, he was asked two other times to provide ID which he refused and stated "I plead the Fifth."  When at the station, I explained to him that it is a felony to defraud, deface, or destroy political signs and that under those circumstances I had the obligation to investigate whether a felony had taken place or not.  He was also advised that if he would have just cooperated he would have been on his way.

> Gentry's affidavit reads, in relevant part:

> 1.  On November 2, 2010, I arrested James Gregory at approximately 3:00 a.m. in Blytheville, Arkansas.  A copy of the report that I filed as a result of the arrest is attached hereto and incorporated herein as Exhibit "A."  The report is an accurate record of the events that occurred during the arrest.
> 2.  In a shift meeting, prior to the arrest of James Gregory, I was informed that the Blytheville Police Department had received complaints about stolen and defaced political campaign signs.
> 3.  Prior to November 2, 2010, I had no knowledge of James Gregory.  I had never met him or had any other encounters with him.

Considering the totality of the circumstances -- (1) there had been reports of stolen and

defaced political signs; (2) Plaintiff was carrying a political sign; and (3) it was 3:00 a.m. when

Gentry saw Plaintiff with the political sign -- Gentry had reasonable suspicion to stop Plaintiff.

Plaintiff maintains that Officer Kyle Lively told Gentry Plaintiff's identity before Gentry stopped

or arrested Plaintiff.  But I note that the Incident Report, in which Gentry provides that he is not

familiar with Plaintiff, was approved by Officer Lively.  I also note that Plaintiff offered no

evidence in support of his allegation.  Allegations alone, "unsupported by specific facts or

evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion

for summary judgment."[13]

### 2.     The Arrest

An officer may make a warrantless arrest if he has probable cause to believe that a

suspect was committing a crime.[14]  "To determine the existence of probable cause, [courts] look

at the totality of the circumstances as set forth in the information available to the officers at the

time of the arrest."[15]

Plaintiff was arrested and charged with loitering, a violation of Ark. Code Ann.

§ 5-71-213, and with obstructing governmental operations, a violation of Ark. Code Ann.

§ 5-54-102.  With respect to loitering, Ark. Code Ann. § 5-71-213 reads, in relevant part:

> A person commits the offense of loitering if he or she lingers, remains, or prowls in
> a public place or in the premises of another without apparent reason and under
> certain circumstances that warrant alarm or concern for the safety of persons or
> property in the vicinity and, upon inquiry by a law enforcement officer, refuses to
> identify himself . . . and give a reasonably credible account of his or her presence and
> purpose . . . .

"Among the circumstances that may be considered in determining whether a person is loitering

are that the person: refuses to identify himself . . . ."[16]

---

[13]*Thomas v. Corwin*, 483 F.3d 516, 526-27 (8th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

[14]*United States v. Brown*, 49 F.3d 1346, 1349 (8th Cir. 1995).

[15]*United States v. Adams*, 346 F.3d 1165, 1169 (8th Cir. 2003).

[16]Ark. Code Ann. § 5-54-102(b).

Here, Plaintiff was walking down the street at 3:00 a.m. carrying campaign signs. According to the Incident Report and Gentry's affidavit, Gentry had been informed about a recent trend of stolen and defaced campaign signs.  Gentry could have concluded that Plaintiff was on the street without apparent reason, and under circumstances that warranted concern for the safety of property -- political signs.  Also, there is no dispute that Plaintiff refused to identify himself, but rather only referred to himself as the person whose name was on the signs.[17] Further, Plaintiff apparently did not explain to Gentry what he was doing with the signs.[18] Considering the above, there was probable cause to arrest Plaintiff for loitering.

There also was probable cause to arrest Plaintiff for obstructing governmental operations. "A person commits the offense of obstructing governmental operations if [he] knowingly obstructs, impairs, or hinders the performance of any governmental function."[19]  For the same reasons as set out above, all circumstances considered together are enough to establish probable cause.  Because there was probable cause, Plaintiff's claim fails and summary judgment is appropriate.

### B.      Violation of the Right of Free Speech

Plaintiff asserts that Gentry arrested him for the purpose of interfering with Plaintiff's right to freedom of political expression.  There is nothing in the record, beyond Plaintiff's allegation, that evidences a violation of the First Amendment.  Accordingly, Defendants are entitled to summary judgment on this cause of action.

---

[17]According to Plaintiff's complaint, he "indicated to Gentry that he was the same person as the person identified on the campaign sign."  Doc. No. 1.

[18]See Doc. Nos. 1, 79, 80, 81, and 82.  Nothing in the record indicates that Plaintiff explained to Gentry that he was out placing campaign signs.

[19]Ark. Code Ann. § 5-54-102(a)(1).

### C.      False Arrest and False Imprisonment

False arrest and false imprisonment are one and the same.   "'False arrest' is a name sometimes given to the tort more generally known as 'false imprisonment.'"[20]

In Arkansas, it is well-settled that probable cause is a defense to false arrest.[21]  Because there was probable cause for Plaintiff's arrest, Plaintiff's false arrest claims fail as to both Gentry and Defendant Ross Thompson.

### D.      Failure to Supervise and Train / Liability of the City of Blytheville

"[T]o maintain an action for training or supervisor liability, a plaintiff must show the failure to train or supervise caused the injury."[22]  Above I found that there was no underlying violation, so summary judgment is appropriate.

With respect to Plaintiff's municipal liability claim, there must be both a constitutional harm and a policy or custom that caused the harm.[23]  Again, there was no constitutional violation, so Plaintiff's claim fails.

### E.      Qualified Immunity

When a state official is sued in his individual capacity, the official is entitled to qualified immunity as long as his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[24] The initial inquiry is whether, taken in the light most favorable to the allegedly injured party, the facts show that a state official

---

[20]*Headrick v. Wal-Mart Stores, Inc*., 293 Ark. 433, 435 (1987).

[21]*Missouri P. R. Co. v. Quick*, 199 Ark. 1134, 1140 (1940); *Mendenhall v. Skaggs Cos*., 285 Ark. 236 (1985).

[22]*Moore v. City of Desloge*, 647 F.3d 841, 849 (8th Cir. 2011).

[23]*City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989).

[24]See *Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007).

violated a constitutional right.[25]  If a constitutional right has been violated, the next step is to determine if that right was clearly established at the time of the violation.[26]

Here, even if there had been a violation, Defendants Gentry and Thompson are entitled to qualified immunity, as the facts presented by Plaintiff do not make out a violation of a clearly established constitutional right.

<u>**CONCLUSION**</u>

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Summary Judgment (Doc. No. 78) is DENIED; Defendant's Motion for Summary Judgment (Doc. No. 72) is GRANTED.  All other pending motions in this case are DENIED as MOOT.

IT IS SO ORDERED this 10th day of September, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[25]*Id.*

[26]See *id.*